IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD WALKER, :
:
Petitioner :
:
v. : CIVIL NO. 4:CV-13-1862
:
MARY SABOL, : (Judge Brann)
:
Respondent :

## MEMORANDUM

July 12, 2013

**Background**

Edward Walker, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the York County Prison, York, Pennsylvania, filed this pro se "Motion for relief pursuant to 8 U.S.C. § 1228." Doc. 1, p. 1. Accompanying the motion is an in forma pauperis application (Doc. 2) which will be granted for the sole purpose of the filing of this matter with this Court. Although a Respondent is not listed in the "motion", Warden Mary Sabol of the York County Prison will be deemed the

Respondent in this matter.[1] For the reasons outlined below, Petitioner's action will be dismissed for lack of jurisdiction.

Petitioner states that he was admitted into the United States as a student in July, 2009. Walker adds that he is married to a United States citizen with whom he has two children. The motion does not identify Walker's birthplace. Petitioner asserts that on May 23, 2013 the Department of Homeland Security (DHS) served him with a notice of intent to issue a final administrative removal order.

Walker's pending action seeks his immediate release from ICE custody and termination of the DHS' May 23, 2013 notice on the grounds that the DHS has improperly concluded that he committed an aggravated felony. See Doc. 1, p. 2. Specifically, Petitioner acknowledges that he was arrested in the Commonwealth of Pennsylvania for possession of marijuana on September 20, 2012 and charged with violating 35 Pa. C.S.A. § 780-113(A). Walker adds that he was convicted of that charge on May 7, 2013 and sentenced to 230 days time served to 23 months

---

[1] Petitioner's characterization of this matter as seeking relief under § 1228 is faulty since it does not regard the entry of a judicial order of removal by a United States district court. Accordingly, Petitioner's action will be construed as seeking habeas corpus relief under 28 U.S.C. § 2241.

The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, in this case, Warden Sabol. See 28 U.S.C. § 2242.

in the Court of Common Pleas for Berks County, Pennsylvania. See id.

Thereafter, Petitioner was apparently taken into ICE custody and removal proceedings were initiated against him on the basis of his Pennsylvania state criminal conviction. Walker presently contends that DHS erred by determining that his Pennsylvania state criminal conviction constitutes an aggravated felony.[2]

### Discussion

With respect to federal habeas corpus petitions filed by ICE detainees, the federal district courts only have jurisdiction in cases where the detainee is seeking immediate release on bond pending removal on the grounds that his continued ICE detention is unconstitutional. See Clarke v. Department of Homeland Security, 2009 WL 2475440 * 1 (M.D. Pa. Aug. 12, 2009)(Jones, J.). No such relief is requested in this matter.

Rather, as detailed above, the gist of Petitioner's action is his claim that the state criminal charge underlying his removal proceedings has been improperly deemed to be an aggravated felony. The REAL ID Act of 2005 amended section 242(a) of the Immigration and Nationality Act (INA) to provide that the sole and exclusive means to review an order of removal entered or issued under any

---

[2] It is unclear as to whether Petitioner has sought relief from the Board of Immigration Appeals (BIA) or if a final administrative order of removal has actually been entered in his case.

3

provision shall be by petition for review in the appropriate court of appeals. See 8 U.S.C. § 1252(a)(5). This amendment became effective on May 11, 2005.

Petitions for review filed with the proper court of appeals within the first thirty (30) days after issuance of an order of removal are now the sole vehicle whereby aliens can challenge their removal. Kolkevich v. Attorney General of the United States, 501 F.3d 323, 329 (3d Cir. 2007). Clearly, this matter is challenging the legality of Petitioner's proposed removal.

Under the Real ID Act, a district court also no longer has jurisdiction over a § 2241 habeas petition which raises a challenge to a aggravated felony finding rather, said argument must be presented in a petition for review with the circuit court where the removal order was issued. See Browne v. Attorney General, 163 Fed. Appx. 109 (3d Cir. 2006)(jurisdiction of court of appeals "extends to questions of law raised upon a petition for review, including petitions for review of removal orders based on aggravated felony convictions.") citing Tran v. Gonzales, 414 F. 3d 464, 467 (3d Cir. 2005).

Consequently, Walker's present aggravated felony based claim is no longer properly raised in a habeas corpus petition before this district court. See Panesso Ramirez v. Attorney General, 376 Fed. Appx. 225, 226 (3d Cir. 2010)(courts of appeals have jurisdiction over legal question of whether an alien was convicted of

4

an aggravated felony).

Moreover, even if this action is "not explicitly styled" as a challenge to a removal order, it seeks essentially the same relief, and, as such, this Court lacks jurisdiction entertain the matter under the Real ID Act. See Jimminez v. Holder, 338 Fed. Appx. 194, 196 (3d Cir. 2009).

In certain circumstances, a district court may transfer such a petition to the court of appeals. However, the present action is dated July 2, 2013 and will be deemed filed as of that date. Since Petitioner appears to be challenging a May 23, 2013 notice of intent to issue a final administrative order of removal, this matter is untimely as it was not initiated within (30) days of the date of said decision and therefore not amenable for transfer to the Court of Appeals. See Monteriro v. Attorney General, 261 Fed. Appx. 368, 369 (3d Cir. 2008). Accordingly, Walker's action must be dismissed for lack of jurisdiction. An appropriate Order will follow.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge